128; *Ulster County Savings Institution* v. *Young,* 161 N. Y. 23; *Same* v. *Ostrander,* 163 N. Y. 430; *National Mechanics' Banking Assn.* v. *Conkling,* 90 N. Y. 116; *Lyman v. Kurtz,* 166 N. Y. 274; *Bissell* v. *Saxton,* 66 N. Y. 55; *Schofield* v. *Churchill,* 72 N. Y. 565.)

*William E. Schenck,* for respondent.

The court rightly directed a verdict for the plaintiff, as it was uncontradicted that the principal personally violated the provisions of the Liquor Tax Law, " while the business for which such tax certificate " issued upon the filing of the bond in suit was being carried on, although such violation occurred elsewhere. (*Lyman* v. *Perlmutter,* 166 N. Y. 410; *Lyman* v. *Schenck,* 37 App. Div. 234; *Lyman* v. *Shenandoah Social Club,* 39 App. Div. 459; *Matter of Lyman* v. *Texter,* 32 Misc. 210, affd. 59 App. Div. 217; *Matter of Michell,* 41 App. Div. 271.)

Judgment affirmed, with costs; no opinion.

GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

---

Supreme Court, Queens Special Term, January, 1902. Unreported.

In the Matter of the Petition of PATRICK W. CULLINAN to Revoke the Liquor Tax Certificate of ARDELL HARTMANN.

*William G. Van Loon,* for petitioner.

*Blumenthal, Moss & Feiner,* for respondent.

MADDOX, J.:   There is not enough to show an intentional and wilful violation of the law, especially when that involves a civil and a criminal penalty.

There is proof that a steak was ordered, and while petitioner's witnesses testified that they did not order it, and that nothing was served, still they do not state that such order was not given,

simply that they did not hear such an order. It seems the steak
was prepared, and when to be served it was found that the party
had left. I do not wish to be understood as holding that it was
for the excise officers, but the order might have been and was so
given as to lead respondent's manager to believe that it was.

I do not understand that no liquors shall be served to a guest
until the meal is served, if one be ordered.

Application denied.